[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas action, the petitioner filed an amended petition dated July 15, 1994 in which he has alleged that his incarceration is illegal on the basis of his claim that he was denied his constitutional rights to a fair trial and due process of law under the constitutions of the United States and Connecticut. His factual claim is that in the underlying criminal proceeding, the State failed to comply with Practice Book § 738 by not informing the petitioner that certain forensic tests to be conducted by the State might preclude further testing of the objects to be tested. He also claims that he could have conducted certain tests on the objects to develop exculpatory information. By pleading dated February 7, 1996, the respondent has filed a Motion to Dismiss pursuant to Practice Book § 529 (H)2 on the basis that the petition fails to state a claim upon which habeas relief may be granted. CT Page 4071-O
The court finds that on October 16, 1991, after a jury trial, the petitioner was convicted the offense of Sexual Assault in the First Degree in violation of C.G.S. § 53a-70 (a), Kidnaping in the First Degree in violation of C.G.S. § 53a-92 (a)(2), and Assault in the Second Degree in violation of C.G.S. §53a-60 (a)(1). On November 22, 1991 the petitioner was sentenced to a total effective sentence of twenty years. The petitioner is currently serving the imposed sentence.
In the petitioner's appeal to the Connecticut Supreme Court he raised issues which he claimed implicated his rights to a fair trial and due process as guaranteed by the United States CT Page 4072 constitution and the Connecticut constitution. cf. State v.Tucker, 226 Conn. 618. The Supreme Court sustained the petitioner's conviction. Id.
While, in this petition, the petitioner has made new factual allegations which he did not raise on direct appeal to the Supreme Court, they fall under the same umbrella of fair trial and due process claims. The petitioner, having failed to allege any facts sufficient to establish compliance with the requirements of cause and prejudice, is not entitled to collateral attack through the process of: habeas review. cf.Johnson v. Commissioner, 218 Conn. 403 (1991). Accordingly, the Motion to Dismiss is granted.
Bishop, J.